IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ADRIAN JENKINS,

    Plaintiff,

v.

UNIT MANAGER JOESPH HUTCHESON;
and WARDEN STANDLEY WILLIAMS,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-59

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated August 19, 2016, (doc. 8), and his related Motion to Amend, (doc. 9). After a *de novo* review of the entire record, the Court concurs with the Report and Recommendation, **OVERRULES** Plaintiff's Objections, and **DENIES** Plaintiff's Motion to Amend.

The Magistrate Judge recommended that the Court dismiss this action for Plaintiff's failure to truthfully disclose all of his prior lawsuits. (Doc. 6, pp. 4–7.) In his Objections, Plaintiff asserts he "mistakenly failed to refer to" one of his previously-filed lawsuits, Jenkins v. Hutcheson, 6:14-cv-30. (Doc. 8, p. 3.) However, as the Magistrate Judge stated, the form complaint Plaintiff used to file the instant cause of action clearly asks whether the plaintiff previously filed any cause of action, and a party's failure to disclose his previous lawsuits—for whatever reason—is grounds for dismissal for lack of candor. (Doc. 6, pp. 4–7.) Plaintiff additionally states he disclosed the filing of Jenkins v. Jackson, 1:14-cv-1686 (N.D. Ga. June 13, 2016) (dismissed for failure to state a claim). Plaintiff did disclose this lawsuit, and the

Magistrate Judge listed this cause of action as a previous lawsuit Plaintiff disclosed. However, the Magistrate Judge's citation to this cause of action was not for purposes of dismissal under 28 U.S.C. §1915(g)[1], as Plaintiff appears to believe. Rather, the Magistrate Judge cited this case as an example of Plaintiff having complied with the directives of the form complaint, but only to a point. Additionally, Plaintiff failed to disclose Case Number 6:14-cv-50 as a previously-filed lawsuit. While this cause of action was transferred to the Northern District of Georgia and was assigned Case Number 1:14-cv-1686 in that court, Plaintiff nevertheless failed to disclose his original filing.

In his Motion to Amend, Plaintiff seeks to amend his Complaint for the express purpose of listing Case Number 6:14-cv-30 as one of his previous lawsuits. However, the Eleventh Circuit has explained that district courts should not allow parties to cure their lack of candor with such after the fact amendments. Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."). Consequently, the Court will not allow Plaintiff to amend his Complaint to remedy his earlier abuse of the judicial process. Thus, the Court **DENIES** Plaintiff's Motion to Amend.

For all of these reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court and **OVERRULES** Plaintiff's Objections. The Court **DISMISSES** Plaintiff's Complaint, without prejudice, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal. All other pending motions are

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**DISMISSED** as **MOOT**. The Court **DIRECTS** the Clerk of Court to enter an appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 20th day of September, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA